IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00242-MOC-WCM

| | |
|---|---|
| SAVANNAH ABERCROMBIE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| CAROLINA SPEECH AND HEARING, INC.;) | |
| ROB SCHULTZ; and ) | |
| MICHELE SCHULTZ, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 5).[1]

I. Relevant Background

On August 23, 2024, Savannah Abercrombie ("Plaintiff"), proceeding *pro se*, filed a Complaint in the Superior Court of Buncombe County, North Carolina against Carolina Speech and Hearing, Inc. ("Carolina Speech"), Rob Schultz, and Michele Schultz (collectively, "Defendants"). Doc. 1-2. Generally, Plaintiff alleges that Defendants failed to promote her and wrongfully

---

[1] Plaintiff seeks to submit her request to remand "to the District Court for review and decision." Doc. 5 at 4. The Fourth Circuit has not addressed whether a magistrate judge may issue a direct order of remand. See Jonas v. Unisun Ins. Co., 230 F.3d 1352, 2000 WL 1350648 (4th Cir. 2000) (unpubl). However, the "rule in this District as well as in many others is that a motion to remand is 'non-dispositive' and can therefore be determined by a magistrate judge as a final order pursuant to 28 U.S.C. § 636(b)(1)(A)." Drye v. Bankers Life and Cas. Co., No. 3:15CV115-MU, 2006 WL 2077562 at *2 (W.D.N.C. July 24, 2006).

1

terminated her. Plaintiff also alleges that Defendants later retaliated against her by providing false information to the North Carolina Employment Security Commission.

On September 19, 2024, Defendants removed the case. Doc. 1.

On September 26, 2024, Defendants answered. Doc. 3.

On September 30, 2024, the Court mailed Plaintiff a notice which provided Plaintiff with information regarding the Court's Pro Se Settlement Assistance Program ("PSAP") (the "PSAP Notice," Doc. 4).

On October 15, 2024, Plaintiff filed the Motion to Remand. Doc. 5. Defendants have responded, and Plaintiff has replied. Docs. 6, 7.

## II. Discussion

### A. Subject Matter Jurisdiction

Federal district courts may exercise original subject matter jurisdiction when either (1) a complaint raises a federal question, 28 U.S.C. § 1331 or (2) the requirements for the amount in controversy and diversity of citizenship are met, 28 U.S.C. § 1332.

In their Notice of Removal, Defendants assert that this Court may exercise subject matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331. Doc. 1. The undersigned agrees.

Plaintiff's Complaint asserts claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981. Doc. 1-1 at

2

4.

Plaintiff contends, however, that "the heart" of this dispute involves the question of whether Defendants violated North Carolina General Statute § 96-18, which makes it unlawful for an "employing unit" to make false statements or representations "to prevent or reduce the payment of benefits" to an individual who is entitled to unemployment benefits. N.C.G.S. § 96-18(b); Doc. 5 at 2; see also Howard v. Food Lion, Inc., 232 F.Supp.2d 585, 599 (M.D.N.C. 2002) (Section 96-18 "subjects to criminal sanction employers who make false statements that prevent an entitled person from receiving unemployment benefits"). Plaintiff thus argues that federal question jurisdiction does not apply. Doc. 5 at 2. Relatedly, Plaintiff asserts that this Court should decline to exercise supplemental jurisdiction over her state law claims[2] because "the state law claims, which are central to this case, substantially predominate over any federal claims." Doc. 5 at 3.

The Court has original jurisdiction over Plaintiff's claims alleging violations of federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); Chase Brexton Health Servs., Inc. v. Maryland,

---

[2] The parties appear to agree that Plaintiff is asserting multiple state law claims. See Doc. 6 at 2 ("Plaintiff also alleges state common law causes of action for alleged (i) Wrongful Discharge in Violation of North Carolina Public Policy and (ii) Unemployment Benefits Fraud.")

3

411 F.3d 457, 462 (4th Cir. 2005) ("[F]ederal courts are bound by a 'virtually unflagging obligation...to exercise the jurisdiction given them.'") (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).

To the extent Plaintiff contends that the Court should abstain from exercising that jurisdiction, Plaintiff has not adequately explained the basis on which she contends abstention would be proper, and the undersigned is otherwise not persuaded that Plaintiff's claims, to the extent they are based on alleged violations of North Carolina law, cannot be adequately addressed by this Court. See e.g., Howard v. Food Lion, Inc., 232 F.Supp.2d 585, 599 (M.D.N.C. 2002) (considering a claim pursuant to N.C.G.S, § 96-18(b)).

Finally, with respect to Plaintiff's position that the Court should decline to exercise supplemental jurisdiction over her state law claims, "if a district court has valid jurisdiction over a federal claim, it has the discretion to exercise supplemental jurisdiction over additional state claims if they 'derive from a common nucleus of operative fact' such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" Acker v. States Mortgage Co., Inc., 3:20-CV-247-FDW-DCK, 2020 WL 4698809, at *3 (W.D.N.C. Aug. 13, 2020) (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 725-26 (1966)); see also 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution"). Here, as all of Plaintiff's claims stem from her employment by Defendants, declining supplemental jurisdiction over Plaintiff's state law claims would be inappropriate at this time.

Accordingly, Plaintiff's request to remand this matter based on a lack of subject matter jurisdiction will be denied.[3]

### B. Procedural Requirements

Plaintiff also contends that remand is appropriate because Defendants violated 28 U.S.C. § 1446(b) and "failed to serve [the Notice of Removal] in accordance with 28 U.S.C. § 1446(d)." Doc. 5 at 3; Doc. 7 at 2.

Section 1446(b) requires that a notice of removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

Here, Plaintiff does not assert that the Notice of Removal was filed with this Court outside of the 30-day window;[4] rather, she appears to argue that

---

[3] Defendants also argue that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00. However, the citizenship of Carolina Speech is not apparent from the filings in this matter. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

[4] Plaintiff filed her Complaint on August 23, 2024, Defendants state they were served on August 27, 2024, and the Notice of Removal was filed on September 19, 2024.

Defendants failed to timely provide the Notice of Removal to her, an argument more appropriately premised on Section 1446(d). That provision instructs that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties…." 28 U.S.C. § 1446(d).

Here, the parties' filings indicate that Plaintiff did receive the Notice of Removal reasonably promptly. See e.g., Doc. 7 at 2 (Plaintiff's statement that the Notice of Removal was emailed to her the same day the Notice was filed in this Court, was mailed to her on September 21, 2024, and that she "discovered the Notice of Removal in her mailbox" on September 30, 2024).[5]

### C. The PSAP Notice

On September 30, 2024, the PSAP Notice was mailed to Plaintiff. Doc. 4. Therein, Plaintiff was advised that she could return a form indicating that she wished to participate in the PSAP to the Clerk's Office within 14 days. Doc. 4 at 2.

Plaintiff has not responded to the PSAP Notice.

---

[5] Plaintiff also contends that this matter should be remanded because Defendants filed their opposition to the Motion to Remand one day late, see Doc. 7 at 2, and because, although Defendants filed an answer to her Complaint on September 26, 2024, the answer was not mailed to her until October 1, 2024. See Doc. 5 at 3. In the Court's discretion, the undersigned has considered Defendants' opposition. With respect to the filing of Defendants' answer, that filing was timely. See FRCP 81(c) (in removed actions, a defendant who did not answer previously must respond to the complaint "7 days after the removal is filed.").

6

Case 1:24-cv-00242-MOC-WCM   Document 8   Filed 11/15/24   Page 6 of 7

Considering that the Motion to Remand will be denied, Plaintiff will be afforded a brief extension of time to respond to the PSAP Notice.

**IT IS THEREFORE ORDERED THAT**:

(1) The Motion to Remand (Doc. 5) is **DENIED**.

(2) The time for Plaintiff to file a response to the PSAP Notice (Doc. 4) is **EXTENDED** to and including **December 2, 2024**.

Signed: November 15, 2024

W. Carleton Metcalf
United States Magistrate Judge